## TIMOTHY PETTY *v.* COMMISSIONER OF CORRECTION
### (AC 30754)

Harper, Robinson and Alvord, Js.

Argued September 24—officially released November 23, 2010

*Elizabeth Knight Adams*, special public defender, for the appellant (petitioner).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Brenda Hans*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Timothy Petty, appeals following the habeas court's denial of his petition for

certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion by denying his petition for certification to appeal and improperly rejected his claim that his trial counsel rendered ineffective assistance. More specifically, the petitioner claims that his trial counsel rendered ineffective assistance by failing (1) to investigate certain fingerprint evidence found at a crime scene and (2) to investigate and to raise in pretrial motions the petitioner's inability to commit the alleged crimes due to a physical infirmity. We dismiss the appeal.

The following factual and procedural history is relevant to our resolution of the petitioner's claim. On November 1, 2004, the petitioner pleaded guilty under the *Alford* doctrine[1] to four counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). On December 20, 2004, the court imposed a total effective sentence of twenty-two years of incarceration.

The petitioner filed an amended petition for a writ of habeas corpus on October 16, 2008, alleging that he was denied the effective assistance of counsel. A habeas trial was held on December 9, 2008. The petitioner presented the testimony of his trial counsel who testified that, in the course of the representation, he had investigated and reviewed the state's evidence and apprised the petitioner of the strengths and weaknesses of the state's evidence. He further testified that he had urged the petitioner to accept the plea offer because he believed it was in the petitioner's best interest. The petitioner did not testify or offer any other evidence at his habeas trial.

The court denied the petition, concluding that the petitioner had failed to meet his burden of proof for a

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

claim of ineffective assistance because the petitioner had not shown either that his trial counsel's performance was deficient or that he was prejudiced by counsel's performance. Subsequently, the petitioner filed a petition for certification to appeal, which the court denied on January 9, 2009. This appeal followed.

The petitioner claims that the court erred by rejecting his claim of ineffective assistance of counsel. The standard of review and legal principles that govern the resolution of the petitioner's appeal are well settled. "In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citations omitted; internal quotation marks omitted.) *Owens* v. *Commissioner of Correction*, 63 Conn. App. 829, 830–31, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d

138 (2001). To prevail on a constitutional claim of ineffective assistance of counsel resulting from a guilty plea, a petitioner must establish both that his counsel's performance was deficient and that the deficient performance prejudiced him. See *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Baillargeon* v. *Commissioner of Correction*, 67 Conn. App. 716, 721, 789 A.2d 1046 (2002). "To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . To satisfy the prejudice prong, the petitioner must show a reasonably probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Citations omitted; internal quotation marks omitted.) *Baillargeon* v. *Commissioner of Correction*, supra, 721–23. The petitioner cannot rely on mere conjecture or speculation to satisfy either the performance or prejudice prong but must instead offer some demonstrable evidence in support of his claim. See *Ostolaza* v. *Warden*, 26 Conn. App. 758, 765, 603 A.2d 768, cert. denied, 222 Conn. 906, 608 A.2d 692 (1992).

After a careful review of the record, we need not consider whether counsel's performance was deficient because we find that the petitioner did not present any evidence at the habeas hearing to satisfy the prejudice prong. Even if we assume, without deciding, that counsel's performance was deficient, the petitioner did not present any evidence that, but for the performance of counsel, he would not have pleaded guilty but instead would have insisted on going to trial. Accordingly, we find that the court did not abuse its discretion in denying the petitioner certification to appeal because he has not demonstrated that the issue raised is debatable

among jurists of reason, that a court could resolve the issue in a different manner or that the question raised deserves encouragement to proceed further. See *Simms* v. *Warden,* supra, 230 Conn. 616.

The appeal is dismissed.