MICHAEL COX *v.* COMMISSIONER OF CORRECTION
(AC 31417)

Bishop, Lavine and Schaller, Js.

Argued January 4—officially released March 15, 2011

310

*Justin R. Clark*, special public defender, for the appellant (petitioner).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Mary Elizabeth Baran*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Michael Cox, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal and improperly rejected the claims of ineffective assistance of counsel that he raised at his habeas trial. The petitioner specifically claims that counsel was ineffective in advising him on his decision to plead guilty to the underlying offenses because counsel (1) failed to provide him with all pertinent information obtained from the state, (2) allowed him to enter his plea while he was under the influence of drugs and (3) failed to investigate adequately the facts and potential defenses that might have been raised had he proceeded to trial. We disagree and, accordingly, dismiss the petitioner's appeal.

The following procedural and factual history is relevant to the resolution of this appeal. On November 10, 1993, the petitioner pleaded guilty under the *Alford*

doctrine[1] to murder in violation of General Statutes § 53a-54a, felony murder in violation of General Statutes § 53a-54c, assault in the second degree with a firearm in violation of General Statutes § 53a-60a, and aiding and abetting manslaughter in the first degree in violation of General Statutes §§ 53a-55 (a) (3) and 53a-8. After a presentence investigation, a total effective sentence of seventy-five years incarceration was imposed by the court.

The crimes charged arose out of four separate and unrelated incidents. As to the murder count, the state alleged that on November 29, 1991, Asvoldo Bergos and Wilfredo Cotto became involved in an argument. Cotto left Bergos only to return later with Angel Rivera and the petitioner. After the argument had resumed, the petitioner approached the people arguing with a handgun and fired four gunshots, one of which hit Bergos in the abdomen, resulting in his death. The petitioner was charged with murder based on his own statement concerning his involvement with and the circumstances of Bergos' death.

As to the felony murder count, the state alleged that on September 18, 1991, the petitioner, in the course of stealing a gold chain from Earnest Kinlaw, discharged a handgun and shot Kinlaw in the head. Kinlaw later died from the wound. The state relied on the statement of an eyewitness and that witness' identification of the petitioner from a photographic array, as well as the statement of the petitioner in which he admitted shooting Kinlaw but claimed that it was an accident.

As to the count of assault in the second degree with a firearm, it arose from an incident alleged to have occurred on September 5, 1991. On that date, police interviewed Lucky Rise, who had received a gunshot

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37–39, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

wound to his leg. Rise reported having had an argument with an individual named "Mike," who had pulled out a gun and shot him. Rise then identified the petitioner in a photographic array shown to him by the police.

In the final count, aiding and abetting manslaughter in the first degree, the state alleged that on November 30, 1991, the petitioner was riding in a vehicle with Frank Pew, when Pew told him of a dispute he had had with another individual, Frank Martin. Pew indicated that he intended to visit Martin at the home of Martin's girlfriend, and he asked the petitioner for a gun, which the petitioner provided. The petitioner, having accompanied Pew to Martin's home, knocked on the door and asked for Martin. When Martin came out another door, Pew shot and killed him using the gun the petitioner provided.

On August 6, 1998, the petitioner filed a revised amended petition for a writ of habeas corpus, claiming that trial counsel, Paul Carty, was ineffective in providing him advice concerning whether to plead guilty or to proceed to trial. At the habeas trial, the petitioner testified that he believed that he had been coerced by Carty into accepting the plea agreement and that Carty had told him he would receive a sentence ranging from forty to fifty years of incarceration. He also testified that Carty did not provide him with all of the relevant police reports and that he had been under the influence of prescription medication and illegal drugs at the time he entered his pleas. Carty testified at the habeas trial that the petitioner knew the possibility existed of receiving the maximum sentence allowed under the plea agreement, although he and the petitioner anticipated a lesser sentence to be imposed based on pretrial conferences with the sentencing judge.

The court found that the evidence did not support the petitioner's claims, including the claim that he was

under the influence of illegal substances consumed while he was in the lockup in New Haven prior to entering his pleas. The court further found that Carty was a competent and experienced criminal defense attorney, that the petitioner knew that seventy-five years was the maximum sentence that could be imposed and that Carty had negotiated the plea agreement at the petitioner's insistence. The court denied the petition for a writ of habeas corpus and denied the petition for certification to appeal. Following an agreement reached in 2009 with the respondent, the commissioner of correction, to restore the petitioner's appellate rights, this appeal followed.

"We begin by setting forth our well established standard of review for addressing claims of ineffective assistance of counsel. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Joseph* v. *Commissioner of Correction*, 117 Conn. App. 431, 433, 979 A.2d 568, cert. denied, 294 Conn. 906, 982 A.2d 1080 (2009).

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . .

Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . To prevail on a constitutional claim of ineffective assistance of counsel resulting from a guilty plea, a petitioner must establish both that his counsel's performance was deficient and that the deficient performance prejudiced him. See *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Baillargeon* v. *Commissioner of Correction*, 67 Conn. App. 716, 721, 789 A.2d 1046 (2002). To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . A reviewing court can find against a petitioner on either ground, whichever is easier. . . . The petitioner cannot rely on mere conjecture or speculation to satisfy either the performance or prejudice prong but must instead offer demonstrable evidence in support of his claim." (Citations omitted; internal quotation marks omitted.) *Petty* v. *Commissioner of Correction*, 125 Conn. App. 185, 187–88, 7 A.3d 411 (2010), cert. denied, 300 Conn. 903, 12 A.3d 573 (2011).

The petitioner's claims failed to satisfy the prejudice prong. The habeas court found that the petitioner did not want to proceed to trial and that he entered his pleas knowingly after an adequate canvass by the trial

court, aware that he faced up to seventy-five years incarceration under the plea agreement. Although the habeas court did specifically address each of the petitioner's allegations of deficient performance by counsel, as set forth in *Hill*, the court clearly found no basis for concluding that the petitioner would have behaved differently had counsel given him different advice. After a careful review of the record, we cannot conclude that the court abused its discretion in denying the petition for certification to appeal.

The appeal is dismissed.