JEFFREY M. SKELLY *v.* COMMISSIONER
OF CORRECTION
(AC 28349)

DiPentima, C. J., and Robinson and Sullivan, Js.

Argued January 20—officially released April 5, 2011

*Jeffrey M. Skelly*, pro se, the appellant (petitioner).

*Adam E. Mattei*, special deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jeffrey M. Skelly, appeals following the habeas court's denial of his petition for certification to appeal from that court's denial of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly concluded that he had not been subject to double jeopardy in his criminal trial.

Upon careful review of the record and briefs, and in fully considering the oral arguments of the parties, we conclude that the petitioner failed to demonstrate that the court abused its discretion in denying his petition for certification to appeal. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the

two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Petty* v. *Commissioner of Correction*, 125 Conn. App. 185, 187, 7 A.3d 411 (2010), cert. denied, 300 Conn. 903, 12 A.3d 573 (2011). The petitioner has not shown that the issues raised on appeal are debatable among jurists of reason, that they could be resolved in a different manner or that they deserve encouragement to proceed further.

The appeal is dismissed.