GARY SADLER *v.* COMMISSIONER OF CORRECTION
(AC 31455)

Gruendel, Bear and Dupont, Js.

Argued October 26—officially released November 29, 2011

*Gary Sadler*, pro se, the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, former state's attorney, and *John J. Davenport*, supervisory assistant state's attorney, for the appellee (respondent).

PER CURIAM. The pro se petitioner, Gary Sadler, appeals following the denial of his petition for certification to appeal from the judgment denying his second amended petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was involved in a shooting incident on June 26, 1996, that resulted in the death of David Moore. On November 6, 1996, the petitioner was arrested, at which time he signed a voluntary statement confessing to the killing. In addition, two eyewitnesses identified the petitioner as the shooter, one of whom knew the petitioner and identified him by name. As a result, the petitioner was charged with murder in violation of General Statutes § 53a-54a. He thereafter pleaded guilty, pursuant to the *Alford* doctrine,[1] to manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a (a). Consistent with the terms of his plea agreement, the petitioner was sentenced to a term of thirty years incarceration. The petitioner did not directly appeal that judgment of conviction.

In July, 2001, the petitioner commenced a habeas action alleging ineffective assistance of his trial counsel. He claimed, inter alia, that counsel was ineffective in failing to file a motion to suppress his statement to police, which he maintained was coerced and involuntary. Following a trial, the court rejected all of the

---

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 558 n.2, 941 A.2d 248 (2008).

petitioner's claims and dismissed the petition for a writ of habeas corpus, which judgment this court affirmed on appeal. *Sadler* v. *Commissioner of Correction*, 90 Conn. App. 702, 703, 880 A.2d 902, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005).

The petitioner commenced the present habeas action on July 1, 2004. His second amended petition for a writ of habeas corpus contained three counts. The first count alleged ineffective assistance on the part of Theresa Dalton, his initial trial counsel. The second count alleged ineffective assistance on the part of Thomas Nalband, his trial counsel at the time he entered into the plea agreement. The third count alleged ineffective assistance on the part of Kenneth Fox, who represented the petitioner in the prior habeas action. A trial was held on February 3, 2009, at the outset of which the respondent, the commissioner of correction, moved to dismiss the first two counts of the petition. The respondent contended, and the court agreed, that those counts were predicated on the same grounds as the petition previously dismissed and failed to state new facts or proffer new evidence not reasonably available at the time of the prior petition. See Practice Book § 23-29 (3). Accordingly, the court dismissed the first two counts of the petition.

The court further rejected the petitioner's allegation in the third count of the petition that his counsel in the prior habeas proceeding rendered ineffective assistance. Applying the familiar test for ineffective assistance of counsel under *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), as modified for guilty plea cases by *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the court determined that "the merits of the claims against Attorney Fox are easily disposed of under the prejudice prong. The petitioner has not presented any evidence that even remotely undermines this court's confidence

in the outcome of the prior habeas case, let alone the underlying criminal case. The petitioner has consistently admitted to his attorneys and the habeas courts in which he has filed his writs that he shot and killed the victim. The petitioner has just as steadfastly stated that he inadvertently killed the wrong person. The petitioner has utterly failed to show that he would not have pleaded guilty, proceeded to trial and prevailed." In addition, the court found that the petitioner "has also not proven the required deficient performance . . . ." Accordingly, the court denied the petition and subsequently denied the petition for certification to appeal.

Before we may reach the merits of the petitioner's claim that the court improperly decided the issues raised in his petition for a writ of habeas corpus, he first must establish that the court abused its discretion in denying the petition for certification to appeal. See *Sadler* v. *Commissioner of Correction*, supra, 90 Conn. App. 703. To do so, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). After a careful review of the record and briefs, we conclude that the petitioner has not met that substantial burden. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 616.

The appeal is dismissed.