******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CRAIG WILSON *v.* COMMISSIONER
OF CORRECTION
(AC 34400)

DiPentima, C. J., and Beach and Bear, Js.

*Submitted on briefs March 14—officially released May 6, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Kinga A. Kostaniak*, assigned counsel, filed a brief
for the appellant (petitioner).

*John C. Smriga*, state's attorney, and *Nancy L. Chu-
pak* and *Nicholas J. Bove, Jr.*, senior assistant state's
attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Craig Wilson, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the habeas court (1) abused its discretion in denying certification to appeal, (2) improperly determined that his trial counsel, Attorney Jeffrey LaPierre, provided effective assistance, and (3) improperly determined that his appellate counsel, Attorney Norman A. Pattis and Attorney Kimberly Coleman,[1] provided effective assistance. Because we conclude that the court properly denied certification to appeal, we dismiss this appeal.

A jury found the petitioner guilty of six narcotics related offenses. See *State* v. *Wilson*, 111 Conn. App. 614, 616, 960 A.2d 1056 (2008), cert. denied, 290 Conn. 917, 966 A.2d 234 (2009). This court affirmed the conviction, and our Supreme Court denied certification to appeal. Id. On September 29, 2011, the petitioner filed a three count amended petition for a writ of habeas corpus. In count one, he alleged that LaPierre provided ineffective assistance of trial counsel in a variety of ways. In count two, the petitioner claimed that Pattis provided ineffective assistance of appellate counsel. In count three, the petitioner set forth a claim of prosecutorial impropriety, namely, that the prosecutor had failed to disclose evidence during the criminal trial. At the one day habeas trial, Pattis, LaPierre, the petitioner, Coleman, and Senior Assistant State's Attorney Brian Kennedy, the prosecutor in the underlying criminal trial, testified.

On January 30, 2012, the court issued a memorandum of decision denying the habeas petition. It determined that the petitioner had raised three claims against LaPierre: First, he failed to conduct an adequate investigation into various aspects of the case, specifically, with respect to potential witnesses and defenses; second, he failed to advise the petitioner adequately regarding plea negotiations, the evidence possessed by the state and available defenses; and third, he failed to present exculpatory evidence and witnesses. In rejecting these claims, the court credited the testimony of LaPierre that he had made significant investigatory efforts with respect to the facts of the case and the petitioner's claim of actual innocence. It also found that LaPierre had engaged in pretrial negotiations with the prosecutor, but that the petitioner had rejected the state's offer of a sentence of five years imprisonment[2] because he claimed that he was innocent. The court also accepted LaPierre's explanation of the strategic decisions made during the course of the petitioner's criminal trial. It concluded that LaPierre's performance was not deficient, and therefore it did not address the issue of prejudice. See *Strickland* v. *Washington*, 466 U.S. 668, 687,

104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Gregory* v. *Commissioner of Correction*, 111 Conn. App. 430, 434, 959 A.2d 633 (2008), cert. denied, 290 Conn. 906, 962 A.2d 794 (2009).

The court then summarized the petitioner's allegations in count two of the habeas petition as "generalized claims that appellate counsel failed to raise all possible issues, failed to adequately research all issues and failed to adequately brief the claims and issues for appeal." (Internal quotation marks omitted.) It credited the testimony of Pattis and Coleman that they reviewed the record, conducted legal research and appealed three issues that they believed presented the best opportunity to prevail. Ultimately, the court determined that the petitioner's claims regarding the performance of his appellate counsel "lack[ed] any merit whatsoever."[3]

Finally, the court concluded that the petitioner's claim of prosecutorial impropriety was abandoned by the petitioner. "The petitioner failed to present any evidence . . . on the subject of the existence of any exculpatory evidence or other reports that the state's attorney is supposed to have failed to turn over to his trial counsel." The court denied the petition for a writ of habeas corpus, and, on February 14, 2014, it denied the petition for certification to appeal. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Perry* v. *Commissioner of Correction*, 131 Conn. App. 792, 795–96, 28 A.3d 1015, cert. denied, 303 Conn. 913, 32 A.3d 966 (2011).

After a careful review of the record and briefs, we conclude that the petitioner has failed to sustain his

substantial burden of establishing that the habeas court abused its discretion in denying certification to appeal. See *Sadler* v. *Commissioner of Correction*, 132 Conn. App. 335, 338, 31 A.3d 833 (2011), cert. denied, 304 Conn. 912, 40 A.3d 318 (2012). The arguments set forth in the petitioner's brief have not shown that the issues raised on appeal are debatable among jurists of reason, that they could be resolved in a different manner or that they deserve encouragement to proceed further. See *Skelly* v. *Commissioner of Correction*, 127 Conn. App. 721, 723, 14 A.3d 1080 (2011).

The appeal is dismissed.

[1] We note that Coleman is not mentioned in the operative petition for a writ of habeas corpus. The habeas court's memorandum of decision interpreted the petition to include Coleman in the claims of ineffective assistance of appellate counsel, as do the parties' appellate briefs. We follow this path in our opinion.

[2] Following the jury's verdict of guilty, the court sentenced the petitioner to a total effective term of thirty years imprisonment, suspended after twenty-six years, followed by five years probation.

[3] The habeas court did not reach the issue of whether the petitioner suffered any prejudice as a result of the performance of appellate counsel.