******************************************************

The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.

******************************************************

ROBERT E. THOMPSON *v.* COMMISSIONER OF
CORRECTION
(AC 39945)

Prescott, Elgo and Blawie, Js.

*Syllabus*

The petitioner, who had been convicted of kidnapping in the first degree,
sexual assault in the first degree, assault in the third degree and threaten-
ing in the second degree, sought a writ of habeas corpus, claiming that
his trial counsel provided ineffective assistance when he failed to seek a
mistrial or any curative measures following certain prejudicial testimony
from the complainant. During direct examination of the complainant,
she testified that the petitioner told her he had done this before. Simulta-
neously, the petitioner's counsel objected before the she could utter the
entire statement. The trial court sustained trial counsel's objection and
found that the prejudicial impact of the statement outweighed its proba-
tive value. The court further determined that the jury did not hear the
prejudicial testimony. The habeas court rendered judgment denying the
habeas petition, from which the petitioner, on the granting of certifica-
tion, appealed to this court. *Held* that the habeas court properly deter-
mined that the petitioner failed to prove, by a preponderance of the
evidence, that his trial counsel rendered deficient performance by not
moving for a mistrial or requesting a curative instruction: the trial court
was uniquely qualified to make the determination that the jury did not
hear the testimony, and in light of that determination, trial counsel's
evaluation of the attendant circumstances in not seeking any additional
remedies during the trial was entirely reasonable, and this court's conclu-
sion that trial counsel's acquiescence waived the petitioner's claim that
he was deprived of his right to a fair trial as a result of the jury's potential
exposure to the prejudicial testimony did not equate to a determination
that counsel rendered ineffective assistance in his handling of the issue;
moreover, the petitioner's claim that the jury heard the prejudicial testi-
mony because it was reflected in the trial transcript was unpersuasive,
as the ability of the recording equipment to pick up testimony had no
bearing on the assessment of whether the jury heard the testimony, and
the petitioner did not present any evidence to establish that the jury,
in real time, was able to isolate the complainant's testimony from trial
counsel's simultaneous objection, or suggesting that this court should
have second-guessed the trial court's very confident finding that the
jury did not hear the testimony; furthermore, because trial counsel was
never questioned during the habeas trial as to why he did not move for
a mistrial or seek a curative measure, the petitioner failed to present
any evidence beyond speculation or conjecture to rebut the presumption
that trial counsel's performance fell within the wide range of reasonable
professional assistance.

Argued April 9—officially released August 14, 2018

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland and tried to the court, *Sferrazza, J.*; judgment
denying the petition, from which the petitioner, on the
granting of certification, appealed to this court.
*Affirmed.*

*Mary A. Beattie*, assigned counsel, for the appel-
lant (petitioner).

*Linda Currie-Zeffiro*, assistant state's attorney, with
whom, on the brief, were *Patrick J. Griffin*, state's
attorney, and *Adrienne Russo*, deputy assistant state's

attorney, for the appellee (respondent).

*Opinion*

BLAWIE, J. The petitioner, Robert E. Thompson, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that he failed to prove, by a preponderance of the evidence, that his trial counsel rendered deficient performance because he failed to move for a mistrial or to seek any curative measures following prejudicial testimony from the complainant. We disagree and, accordingly, affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of this appeal.[1] The petitioner was charged with accosting a woman that he had approached on a New Haven street, and luring her to a residence under the guise of joining a local church group. Following a jury trial, the petitioner was convicted of kidnapping in the first degree in violation of General Statutes § 53a-92, sexual assault in the first degree in violation of General Statutes § 53a-70, assault in the third degree in violation of General Statutes § 53a-61, and threatening in the second degree in violation of General Statutes § 53a-62. Attorney Tejas Bhatt represented the petitioner at his criminal trial. Bhatt's assessment was that the outcome of the case hinged on the credibility of the complainant, whom the state called to testify at the criminal trial. During the direct examination of the complainant, the following exchange occurred:

"[The Prosecutor]: What led him—what—what happened when he hit you? What led him to hit you?

"[The Complainant]: He told me to take my clothes off. . . .

"[The Prosecutor]: Did you—were you telling him no?

"[The Complainant]: Yes.

"[The Prosecutor]: And what did you—what else did you say to him?

"[The Complainant]: I asked him, why you doing this to me, and he said, I'm not the first person—

"[Bhatt]: Objection.

"[The Complainant]: He done this—

"The Court: Hold on. Hold on.

"[The Complainant]: To.

"The Court: Hold on. Hold on.

"[Bhatt]: Objection.

"The Court: What's the objection? She's in the middle of an answer.

"[Bhatt]: That is—if I—may the jury be excused? This is an area we discussed previously."

The jury was excused and the state made an offer of proof, during which the complainant testified that the petitioner said that she was "not the first person he ever did this to." Bhatt objected to the admission of this testimony, arguing that "[t]he only purpose for offering [the statement], is to show that the [petitioner] had a propensity to commit this crime. . . . [I]t's the [petitioner's] statement, sure, but I think there's still— the court still has to do [an analysis pursuant to § 4-3 of the Connecticut Code of Evidence] of the [probative] value being out—outweighed by—the prejudicial impact . . . ."

The court sustained Bhatt's objection and found that the prejudicial impact of the statement outweighed its probative value.[2] Before resuming testimony, the following colloquy ensued:

"The Court: Is there anything else on this point?

"[Bhatt]: No, I believe that—I'm assuming the court would—I believe she started her response and—

"The Court: Well, no, she got maybe two words out that—

"[Bhatt]: Okay. Okay.

"The Court: *Quite frankly, I didn't even understand, and I don't mean to be—in other words, so I'm—the court is very confident, Attorney Bhatt, that the jury did not hear anything and you stood up right away . . . .*

"[Bhatt]: *Yes, Your Honor.*"[3] (Emphasis added.)

The jury subsequently returned a guilty verdict and the court, *B. Fischer, J.*, sentenced the petitioner to forty-five years of incarceration, execution suspended after thirty-five years, and ten years of probation. This court affirmed the petitioner's conviction on direct appeal. See *State* v. *Thompson*, 146 Conn. App. 249, 76 A.3d 273, cert. denied, 310 Conn. 956, 81 A.3d 1182 (2013).

On July 22, 2016, the petitioner filed an amended petition for a writ of habeas corpus claiming that Bhatt rendered ineffective assistance of counsel by (1) improperly advising the petitioner of a plea offer, (2) failing to move for a mistrial or to seek a curative instruction following prejudicial testimony from the complainant, (3) inadequately preparing a defense, (4) inadequately examining and cross-examining witnesses, (5) inadequately preparing for sentencing, and (6) failing to preserve the petitioner's access to sentence review.[4]

The case was tried to the habeas court, *Sferrazza, J.*, on August 22, 2016. The petitioner, Bhatt, and Gary Mastronardi, a criminal trial expert, testified during the habeas trial. Bhatt testified that the trial court sustained his objection to the complainant's testimony because

the statement was "far too prejudicial to allow." Bhatt explained that when he attempted to raise with the trial court the issue that the witness had uttered the prejudicial statement, the trial court "cuts [him] off; and [the court] says, no. Nobody heard anything. . . . [The court] says, I've ruled. Nobody heard anything. There's nothing to strike." Bhatt was never questioned at the habeas trial regarding why he did not move for a mistrial or seek any curative measures in light of the court's finding that the testimony was more prejudicial than probative.

Mastronardi then offered his opinion that what Bhatt should have done following the prejudicial testimony "depends on whether or not what was said was audible" to the jury. He explained that, if the statement was audible to the jury, "after the judge said that he did not think that it was audible, what [Bhatt] should have done was insist that the transcript be played so that—to give the trial judge another opportunity to listen. . . . Once it was played and if there was—if it was clear that— that the statement was, in fact, audible, trial counsel had to move for a mistrial, without a doubt, and should have pressed that motion strenuously," especially because the trial court found that the statement was more prejudicial than probative. Mastronardi testified that, in the alternative, "if [Bhatt] was unsuccessful [in moving for a mistrial], then the second move, the fallback position, should have been a motion to strike and a request for some type of special instruction to the jury to ignore [the testimony]." Mastronardi concluded that, in his opinion, "under the *Strickland* standard, any reasonable lawyer would have definitely moved for a mistrial in that type of situation, especially after the judge . . . specifically said that it was too prejudicial."

Following the habeas trial, the court denied the petitioner's amended petition for a writ of habeas corpus. With respect to the claim that Bhatt rendered ineffective assistance regarding his handling of the prejudicial testimony, the habeas court agreed with the trial court's finding that "the offending testimony was incomprehensible because of the prompt intervention by Attorney Bhatt." The court continued that "[a]pparently, the court monitor was, at some level, able to isolate the [complainant's] words from the other speaker's, but this court could not. Given the definitive tone of Judge Fischer's opinion on the matter, Attorney Bhatt cannot be faulted for accepting that determination without confronting the judicial authority further on that issue." The court concluded that "the petitioner has failed to prove, by a preponderance of the evidence, this allegation of defective representation." The petitioner then filed a timely petition for certification to appeal, which the court granted on November 21, 2016. This appeal followed.

On appeal, the petitioner challenges the habeas

court's conclusion that he failed to prove that Bhatt rendered deficient performance by failing to move for a mistrial or to seek a curative measure following the complainant's prejudicial testimony. Specifically, the petitioner argues that any reasonable attorney would have moved for a mistrial in a similar situation, especially because the trial court found that the testimony was more prejudicial than probative. The petitioner further argues that he suffered actual prejudice as a result of Bhatt's deficient performance. We disagree with the petitioner's claim regarding deficient performance.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Stanley* v. *Commissioner of Correction*, 67 Conn. App. 357, 359, 786 A.2d 1249 (2001), cert. denied, 259 Conn. 922, 792 A.2d 855, cert. denied sub nom. *Stanley* v. *Armstrong*, 537 U.S. 838, 123 S. Ct. 155, 154 L. Ed. 2d 59 (2002). "[A] finding of fact is clearly erroneous [if] there is no evidence in the record to support it . . . or [if] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Gould* v. *Commissioner of Correction*, 159 Conn. App. 860, 869, 123 A.3d 1259, cert. denied, 319 Conn. 957, 125 A.3d 1012 (2015).

"A criminal defendant's right to the effective assistance of counsel extends through the first appeal of right and is guaranteed by the sixth and fourteenth amendment to the United States constitution and by article first, § 8, of the Connecticut constitution. . . . To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied. . . . It is well settled that a reviewing court can find against a petitioner on *either* ground, whichever is easier." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707,

712–13, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). "The petitioner cannot rely on mere conjecture or speculation to satisfy either the performance or prejudice prong but must instead offer demonstrable evidence in support of his claim." (Internal quotation marks omitted.) *Cox* v. *Commissioner of Correction*, 127 Conn. App. 309, 314, 14 A.3d 421, cert. denied, 301 Conn. 902, 17 A.3d 1043 (2011). "If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the defendant's claim." *State* v. *Golding*, 213 Conn. 233, 240, 567 A.2d 823 (1989).

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland* v. *Washington*, supra, 466 U.S. 689. "Moreover, [t]he court must be mindful that [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Robinson* v. *Commissioner of Correction*, 167 Conn. App. 809, 821–22, 144 A.3d 493, cert. denied, 323 Conn. 925, 149 A.3d 982 (2016).

The petitioner claims that Bhatt rendered deficient performance because he failed to move for a mistrial or to seek a curative instruction following the complainant's prejudicial testimony. In support of this argument, the petitioner relies on this court's conclusion from his direct appeal that because Bhatt acquiesced to the trial court's finding that the jury never heard the prejudicial statement, the petitioner waived his claim that he was deprived of his right to a fair trial as a result of the jury's potential exposure to it. See *State* v. *Thompson*, supra, 146 Conn. App. 260.

"The trial judge is the arbiter of the many circumstances which may arise during the trial in which his function is to assure a fair and just outcome." *State* v. *Rodriguez*, 210 Conn. 315, 333, 554 A.2d 1080 (1989). "The trial judge . . . is in a better position to sense the atmosphere of the trial and therefore can apprehend

far better than we can the effect of certain remarks on the jury." *Pisel* v. *Stamford Hospital*, 180 Conn. 314, 322, 430 A.2d 1 (1980); see also *D'Ascanio* v. *D'Ascanio*, 237 Conn. 481, 487, 678 A.2d 469 (1996) (trial court has "unique opportunity to view the evidence presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us" [internal quotation marks omitted]); *Hurley* v. *Heart Physicians, P.C.*, 298 Conn. 371, 396, 3 A.3d 892 (2010) ("this court frequently has observed, a trial court is in the best position to observe the demeanor of the parties, witnesses, jurors and others who appear before it"). "A trial judge is generally in the best position to evaluate the critical question of whether the juror's or jurors' exposure to improper matter has prejudiced a defendant." *State* v. *Rodriguez*, supra, 210 Conn. 326; see also *United States* v. *Wiley*, 846 F.2d 150, 157 (2d Cir. 1988).

Not only was Judge Fischer uniquely qualified to make such a determination as the presiding judge, he stated that he was "very confident" that the jury did not hear the testimony. In light of that finding, Bhatt's evaluation of the attendant circumstances in not seeking any additional remedies during the trial was entirely reasonable. Therefore, this court's conclusion that Bhatt's acquiescence waived the claim does not equate to a determination that counsel rendered ineffective assistance in his handling of the issue. See *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 621, 724 A.2d 508 ("[t]he burden that the petitioner must sustain for a favorable outcome on his ineffective assistance of counsel claim is a higher one than he would have to sustain had the actual merits of the same issue been raised on direct appeal"), cert. denied, 248 Conn. 905, 731 A.2d 309 (1999); see also *Gibson* v. *Commissioner of Correction*, 118 Conn. App. 863, 876 n.5, 986 A.2d 303 (noting difference in procedural posture for claims on direct appeal versus in habeas petition), cert. denied, 295 Conn. 919, 991 A.2d 565 (2010). Accordingly, this court cannot conclude that counsel rendered ineffective assistance in not moving for a mistrial or requesting a curative instruction.

Moreover, the petitioner argues that because the trial transcript reflects the complainant's testimony, we must assume that the jury heard it. This argument is not persuasive. The ability of the recording equipment to pick up the testimony, and of the court monitor to transcribe it, has no bearing on the assessment of whether the jury heard the testimony. The court monitor has the technical ability to replay a recording as many times as necessary and at different volumes. The jury, however, only heard the testimony in real time, and the petitioner has presented no evidence to establish that the jury—in real time—was able to isolate the complainant's words from Bhatt's simultaneous

objection.

The petitioner has not presented any evidence that suggests that we should second-guess the trial court's "very confident" finding to the contrary, and instead conclude that the jury did in fact hear the prejudicial statement. Nor is there a basis to rule that the habeas court erred in concluding that "[g]iven the definitive tone of Judge Fischer's opinion on the matter, Attorney Bhatt cannot be faulted for accepting [the court's finding that the jury did not hear the offending testimony] without confronting the judicial authority further on that issue." Bhatt was attuned to the prejudicial testimony, as it was the subject of a motion in limine. The transcript, as quoted previously, makes clear that before the complainant could utter the entire sentence, Bhatt objected and triggered a response from the court at the same time that the complainant was speaking. Moreover, during the habeas trial, Bhatt was never questioned as to why he did not move for a mistrial or seek a curative measure following the court's finding that the statement was more prejudicial than probative. Perhaps given the trial court's finding that the jury did not hear the offending testimony, Bhatt opted not to request a curative measure in order to avoid bringing the issue to the jury's attention. Because the petitioner never asked Bhatt to explain his reasoning, however, we are left without a definitive answer. The petitioner has thus not presented any evidence beyond speculation or conjecture to rebut the presumption that Bhatt's performance fell within the wide range of reasonable professional assistance. See *Robinson* v. *Commissioner of Correction*, supra, 167 Conn. App. 821–22.

Without such evidence, and in light of the degree of deference that *Strickland* requires in our scrutiny of counsel's performance, we cannot conclude that Bhatt's performance fell below the standard that the United States and Connecticut constitutions require. Accordingly, we conclude that the habeas court properly determined that the petitioner failed to prove, by a preponderance of the evidence, that trial counsel rendered deficient performance, and thus has not satisfied the first prong of the *Strickland* test.[5] His ineffective assistance of counsel claim therefore fails.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] This court's opinion in the petitioner's direct appeal provides a full exposition of the facts that the jury reasonably could have found at the criminal trial. See *State* v. *Thompson*, 146 Conn. App. 249, 76 A.3d 273, cert. denied, 310 Conn. 956, 81 A.3d 1182 (2013). Much of this information is not relevant to the narrow issue in this appeal.

[2] We express no opinion regarding the admissibility of this testimony.

[3] A copy of the audio cassette recording of the trial proceedings was prepared and submitted in connection with this appeal as court exhibit 1. Following oral argument on April 9, 2018, however, a portion of that exhibit containing the complainant's testimony was inadvertently damaged. Therefore, this court ordered, sua sponte, on April 23, 2018, that both parties' counsel and the habeas court rectify the record and take any steps necessary

to provide a duplicate copy of that exhibit. The Tolland Judicial District thereafter provided another copy of court exhibit 1. By letter to this court dated May 10, 2018, counsel for the petitioner maintained that, in her opinion, the new copy of court exhibit 1 is of an inferior audio quality in terms of the complainant's testimony, as compared to the earlier version. Even if we assume, arguendo, that counsel is correct in her assessment of the recording, for the reasons set forth herein, and also as noted by the habeas court, the record is inadequate to overturn the trial court's determination that the jury never heard the statement at issue.

[4] On August 22, 2016, the petitioner withdrew his claims regarding Bhatt's improper advisement of a plea offer and failure to preserve the petitioner's access to sentence review. Additionally, the petitioner's claims regarding Bhatt's inadequate preparation of a defense and examination of witnesses are not at issue in this appeal. Therefore, the remaining claims are ineffective assistance of counsel due to Bhatt's handling of prejudicial testimony, and that he failed to adequately prepare for the sentencing hearing.

The petitioner's brief, however, is devoid of any mention of the claim that Bhatt inadequately prepared for sentencing. Instead, the petitioner focused his entire argument on Bhatt's handling of the prejudicial testimony. The petitioner's claim that Bhatt inadequately prepared for sentencing is thus deemed abandoned. See *Solek* v. *Commissioner of Correction*, 107 Conn. App. 473, 480, 946 A.2d 239, cert. denied, 289 Conn. 902, 957 A.2d 873 (2008). Therefore, in this appeal, we only consider the claim that Bhatt rendered ineffective assistance of counsel by failing to move for a mistrial or to seek a curative instruction following prejudicial testimony from the complainant.

[5] Because we have decided the petitioner's claim on the basis of the performance prong, this court need not discuss the prejudice prong. See *Small* v. *Commissioner of Correction*, supra, 286 Conn. 713 ("[i]t is well settled that a reviewing court can find against a petitioner on *either* ground, whichever is easier" [emphasis in original; internal quotation marks omitted]).

———————————————