******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROGER B. *v.* COMMISSIONER
OF CORRECTION*
(AC 39919)

Lavine, Bright and Pellegrino, Js.

*Syllabus*

The petitioner, who had been convicted of sexual assault and risk of injury
to a child in connection with certain incidents that occurred between
1995 and 2000, sought a writ of habeas corpus, claiming that his trial
counsel had rendered ineffective assistance by failing to raise a statute
of limitations affirmative defense with respect to an eighteen month
delay between the issuance in 2005 of the warrant for the petitioner's
arrest and the execution of the warrant in 2007. The petitioner had given
the police a statement in 2000, after which he relocated to Indiana and
then to Alabama. The police completed their investigation in 2000 and
discovered no additional evidence between then and 2005. In 2007, after
the police located the petitioner, he was extradited to Connecticut from
Alabama and served with the arrest warrant. The petitioner contended
that although the arrest warrant was issued within the applicable five
year statute of limitations (§ 54-193a), the issuance of the warrant did
not satisfy § 54-193a because the police did not execute the warrant
without unreasonable delay. The habeas court rendered judgment deny-
ing the habeas petition. The court concluded that trial counsel did not
act deficiently in not filing a motion to dismiss the charges against the
petitioner and that the petitioner had failed to establish that he was
prejudiced by counsel's failure to challenge the warrant as stale or to
challenge the delay in the execution of the warrant. The habeas court
limited its discussion of the petitioner's claim to whether the warrant
had been issued within the limitations period of the applicable statute
(§ 54-193) and did not consider whether the delay in the service of the
warrant was unreasonable. The petitioner then appealed to this court,
which reversed the habeas court's judgment in part and remanded the
case to that court for a hearing in accordance with *State* v. *Crawford*
(202 Conn. 443) on the petitioner's claim with regard to the statute of
limitations affirmative defense. On remand, a different habeas court
rendered judgment denying the habeas petition and concluded that the
petitioner had failed to establish that his trial counsel rendered ineffec-
tive assistance. The second habeas court determined that *Crawford* did
not apply to the petitioner's statute of limitations affirmative defense
because the limitations period in § 54-193a had been tolled by § 54-193
(d) as a result of the petitioner's relocation outside of Connecticut. In
an articulation of its decision, the second habeas court stated that
the petitioner had been elusive, unavailable and unapproachable by
Connecticut law enforcement, and that he had failed to present evidence
that the state could not demonstrate that the delay in executing the
warrant was reasonable. The court thereafter granted the petition for
certification to appeal, and the petitioner appealed to this court. He
claimed, inter alia, that the second habeas court improperly determined
that § 54-193 (d) tolled the statute of limitations and concluded that he
had been elusive, unavailable and unapproachable by the police. *Held*:
1. The second habeas court properly denied the petition for a writ of habeas
corpus, as the petitioner failed to demonstrate that he was prejudiced
or harmed by his trial counsel's failure to assert a statute of limitations
affirmative defense:
  a. The habeas court incorrectly determined that § 54-193 (d), and not
  *Crawford*, was the controlling law on the petitioner's statute of limita-
  tions affirmative defense claim, as the arrest warrant was issued within
  the five year limitation period of § 54-193, and, thus, § 54-193 (d), which
  extends the time within which an indictment, information or complaint
  may be brought with respect to a person who fled from and resided
  outside the state after the commission of the offense, became irrelevant.
  b. The habeas court erred in determining that the petitioner had been
  elusive, unavailable and unapproachable by the police once the arrest
  warrant had been issued, that court having made no factual findings as

to his actions following the date that the warrant was issued, save that he moved from Indiana to Alabama; whether the warrant was executed without unreasonable delay is determined by whether the petitioner was elusive, unavailable and unapproachable, factors that do not come into play until the date that the warrant has been issued, from which reasonable time is measured, and the court predicated its findings on movements by the petitioner that occurred at least four years before the warrant was issued.

c. The habeas court properly found that the petitioner failed to demonstrate that the state could not prove that the time in which the arrest warrant was served was reasonable; the evidence demonstrated that the petitioner left Connecticut approximately four years before the warrant was issued, that he had numerous addresses in Indiana, including a post office box number, that he moved to Alabama, and that the police made efforts to locate him through the United States Marshals Service, and the record demonstrated that the petitioner was promptly served with the warrant approximately one month after he was located in Alabama and extradited to Connecticut.

2. The habeas court properly found that trial counsel's representation of the petitioner did not fall below an objective standard of reasonableness and that the petitioner was not prejudiced by his counsel's performance; although this court disagreed with the statutory routes by which the habeas courts reached their conclusions that counsel did not render deficient performance, the underlying procedural history did not support a conclusion that trial counsel's performance was deficient, as the record did not reveal that the petitioner presented expert testimony to contradict the opinions of his trial counsel and the appellate lawyers with whom counsel had consulted about the statute of limitations affirmative defense, both habeas courts agreed that counsel's decision to forgo a statute of limitations affirmative defense was legally sound, and the petitioner's claim that the delay in the execution of the arrest warrant violated his right to due process had been rejected in his direct appeal from his conviction.

Argued March 21, 2018, and January 8, 2019—officially released June 25, 2019**

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Cobb, J.*; judgment denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court, which reversed the judgment in part and remanded the case for further proceedings; subsequently, the matter was tried to the court, *Sferrazza, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court; thereafter, the court, *Sferrazza, J.*, issued an articulation of its decision. *Affirmed*.

*Deren Manasevit*, assigned counsel, for the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *David S. Shepack*, state's attorney, and *Tamara Grosso*, assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The primary issue in this appeal from the denial of the amended petition for a writ of habeas corpus filed by the petitioner, Roger B., is whether he was denied the effective assistance of counsel at his criminal trial because trial counsel failed to assert a statute of limitations affirmative defense to the criminal charges against him. We conclude that no such deprivation occurred because the petitioner failed to carry his burden to prevail on an ineffective assistance of counsel claim pursuant to the two part test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To succeed under *Strickland*, a petitioner must present evidence that "(1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Emphasis in original.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 575, 941 A.2d 248 (2008). The petitioner bears "the burden to prove that his counsel's performance was objectively unreasonable." *Eubanks* v. *Commissioner of Correction*, 329 Conn. 584, 598, 188 A.3d 702 (2018). "[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." (Internal quotation marks omitted.) *Fisher* v. *Commissioner of Correction*, 45 Conn. App. 362, 366–67, 696 A.2d 371, cert. denied, 242 Conn. 911, 697 A.2d 364 (1997). In the present case, the petitioner not only failed to prove that his counsel's performance was deficient but also failed to demonstrate that he was prejudiced by the alleged deficient performance.[1] A detailed review of this case's tangled procedural history is required to place this decision in its proper context.

This is the petitioner's second appeal challenging the denial of his amended petition for a writ of habeas corpus. In *Roger B.* v. *Commissioner of Correction*, 157 Conn. App. 265, 278–80, 116 A.3d 343 (2015), this court reversed in part the judgment of the habeas court, *Cobb, J.*, and remanded the case with direction to hold a hearing in accordance with *State* v. *Crawford*, 202 Conn. 443, 521 A.2d 1034 (1987), regarding the petitioner's claim that his trial counsel rendered ineffective assistance by failing to assert a statute of limitations affirmative defense with respect to the eighteen month delay between the issuance and execution of the warrant for the petitioner's arrest. On remand, the second habeas court, *Sferrazza, J.*, denied the amended petition, concluding that the petitioner failed to establish that his trial counsel rendered ineffective assistance. Central to its conclusion was the court's determination that *Crawford* did not apply because the applicable

statute of limitations, General Statutes § 54-193a,[2] had been tolled by General Statutes § 54-193 (c), now § 54-193 (d),[3] as a result of the petitioner's relocation outside Connecticut. In a subsequent articulation, the second habeas court found that the petitioner was elusive, unavailable, and unapproachable when he left Connecticut and that he had failed to present evidence that the state could not demonstrate that the delay in executing the warrant was reasonable.

In this certified appeal, the petitioner claims that the second habeas court improperly (1) determined that § 54-193 (d) tolled the statute of limitations in analyzing whether trial counsel rendered ineffective assistance by failing to raise a statute of limitations affirmative defense, (2) concluded that the petitioner was elusive, and unavailable to and unapproachable by the police, (3) concluded that he failed to demonstrate that the state would have been unable to show that the police had acted reasonably in executing the warrant, and (4) rejected his claim of ineffective assistance of counsel. We agree with the petitioner's first two claims but reject the latter two. We, therefore, affirm the judgment of the second habeas court albeit on different grounds.[4]

On direct appeal from the petitioner's underlying criminal conviction, our Supreme Court concluded that the jury reasonably could have found the following facts on the basis of the evidence presented. See *State* v. *Roger B.*, 297 Conn. 607, 609, 999 A.2d 752 (2010) (affirming conviction of sexual assault and risk of injury to child). In 1995, the petitioner lived with his girlfriend and her three children, two girls and a boy. Id., 609. The girls shared a bedroom, and almost nightly, the petitioner awakened the older of the two and took her to the living room where he sexually assaulted her. Id. In 1996, the petitioner, his girlfriend, and her children moved to a new home. Id., 610. In the new home, the petitioner awakened the younger girl, took her to another room, and sexually assaulted her. Id.

The petitioner's girlfriend was institutionalized in the fall of 1999, and the petitioner became the sole caretaker of the children until Department of Children and Families (department) personnel removed them because the petitioner was not one of the children's relatives. Id. In time, the girls were placed together in a foster home. Id. A few months thereafter, the older girl disclosed to her boyfriend, and later to her foster mother, that the petitioner had abused her. Id. When the younger girl told her foster mother that the petitioner had abused her as well, the foster mother reported the allegations to department personnel. Id.

Department personnel reported the girls' allegations of abuse to the New Milford Police Department (police). *Roger B.* v. *Commissioner of Correction*, supra, 157 Conn. App. 272. On July 17, 2000, Detective James M. Mullin watched a forensic interview of the girls. Id. On

August 31, 2000, the petitioner gave Mullin a statement and permission for the police to search his apartment and storage unit. Id. The petitioner left Connecticut approximately five months after he gave the statement to Mullin. Id.

The police completed their investigation in 2000 and discovered no additional evidence between 2000 and 2005. Id. On *July 6, 2005*, the police obtained a warrant to arrest the petitioner. Id. When the petitioner left Connecticut, he moved to Indiana, where he had several addresses, including a post office box. He later moved to Alabama where United States marshals found him in November, 2006. Id., 272–73. The state's attorney authorized the petitioner's extradition from Alabama, and he was transported to New York. Id. Mullin executed the arrest warrant on *January 24, 2007*. Id., 273. The petitioner was charged in a substitute information with offenses that occurred on various dates between October 1, 1995, and February 1, 2000. A jury found the petitioner guilty of one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), two counts of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A), and three counts of risk of injury to a child in violation of General Statutes § 53-21 (2). In April, 2008, the trial court, *Sheldon, J.*, sentenced the petitioner to a total effective term of twenty-nine years in prison, execution suspended after twenty-three years, and thirty years of probation. *State* v. *Roger B.*, supra, 297 Conn. 610–11. The petitioner's conviction was affirmed on direct appeal. Id., 621.

The petitioner filed a petition for a writ of habeas corpus on August 21, 2008, and an amended petition on August 25, 2011. *Roger B.* v. *Commissioner of Correction*, supra, 157 Conn. 268–69. In his amended petition, the petitioner alleged that his trial counsel, Christopher Cosgrove, had rendered ineffective assistance by failing to assert a statute of limitations affirmative defense, among other things. Id., 269. The habeas court held an evidentiary hearing on the amended petition and issued a memorandum of decision on August 16, 2013. Id. The habeas court determined that the statute of limitations at issue was § 54-193a, which contains a five year statute of limitations. See footnote 2 of this opinion.

With respect to the performance prong of *Strickland* and the statute of limitations affirmative defense, the habeas court quoted *State* v. *Crawford*, supra, 202 Conn. 450, for the proposition that "[w]hen an arrest warrant has been issued, and the prosecutorial official has promptly delivered it to a proper officer for service, he has done all he can under our existing law to initiate prosecution and to set in motion the machinery that will provide notice to the accused of the charges against him . . . ." (Internal quotation marks omitted.) *Roger*

*B*. v. *Commissioner of Correction*, supra, 157 Conn. App. 276. The habeas court found that Cosgrove had "reviewed the statute of limitations issue when he received the case, did the math, and determined that the warrant was executed within the applicable statute of limitations period. Accordingly, he did not act deficiently in not filing a motion to dismiss the charges . . . ."

As to the prejudice prong of *Strickland* v. *Washington*, supra, 466 U.S. 687, the habeas court "found that the petitioner [had] failed to provide any credible evidence to establish that he was prejudiced at trial by [Cosgrove's] failure to challenge the warrant as stale or the delay in executing it." (Internal quotation marks omitted.) *Roger B*. v. *Commissioner of Correction*, supra, 157 Conn. App. 275. The habeas court, therefore, denied the petition for a writ of habeas corpus and, thereafter, denied a petition for certification to appeal. Id., 267.

The petitioner filed his first habeas appeal on September 30, 2013; id., 269; claiming that the habeas court had abused its discretion by denying his petition for certification to appeal; id., 267; and improperly had concluded that Cosgrove had not rendered ineffective assistance because the habeas court "failed to address the postwarrant delay [in executing the warrant], finding only that [trial counsel] reasonably calculated that the warrant had been issued within the period of limitation." (Internal quotation marks omitted.) Id., 276. The petitioner argued that Cosgrove's failure to assert a statute of limitations affirmative defense constituted ineffective assistance pursuant to *State* v. *Crawford*, supra, 202 Conn. 443, and *State* v. *Ali*, 233 Conn. 403, 660 A.2d 337 (1995). *Roger B*. v. *Commissioner of Correction*, supra, 157 Conn. App. 271. Moreover, he contended that the issuance of the warrant for his arrest did not satisfy the statute of limitations because the warrant was not executed without unreasonable delay. Id. Although the warrant had been issued on July 6, 2005, it was not executed until January 24, 2007. See id.

The petitioner noted that our Supreme Court has held that the "timely issuance of the arrest warrant [satisfied] the statute of limitations in the absence of an evidentiary showing of unreasonable delay in its service upon the defendant." *State* v. *Crawford*, supra, 202 Conn. 452.[5] In *Ali*, our Supreme Court held that "in order to toll the statute of limitations, an arrest warrant, when issued within the limitations of § 54-193 (b), must be executed without unreasonable delay." *State* v. *Ali*, supra, 233 Conn. 415. The petitioner further contended that Cosgrove's failure to assert an affirmative defense rendered his performance deficient and that, if the statute of limitations defense had been asserted, the outcome of the criminal trial would have been different. *Roger B*. v. *Commissioner of Correction*, supra, 157

Conn. App. 272.

This court agreed with the petitioner that the habeas court's analysis under § 54-193 (c) was improper, as it failed to consider whether the delay in serving the warrant after it was issued was unreasonable. The habeas court's "discussion of the petitioner's claim that [Cosgrove] was ineffective in failing to assert a statute of limitations affirmative defense was limited to the issuance of the warrant within the statute of limitations. Although the habeas court discussed the delay in execution of the warrant as it affected the petitioner's defense, the court focused on Cosgrove's testimony that no witnesses went missing and that the witnesses were able to recall the events in concluding that the petitioner's defense had not been hindered." Id., 278. This court stated that a proper resolution of the petitioner's claim under *State* v. *Crawford*, supra, 202 Conn. 443, and *State* v. *Ali*, supra, 233 Conn. 403, required the habeas court to consider whether "there was a reasonable probability that the petitioner would have succeeded on a statute of limitations affirmative defense that was based on unreasonable delay in *executing* the warrant. Such analysis would include considering whether the petitioner had [put] forth evidence to suggest that [he] was not elusive, was available and was readily approachable, such that the burden [would have] shift[ed] to the state to prove that the delay in executing the warrant was not unreasonable. *State* v. *Woodtke*, [130 Conn. App. 734, 740, 25 A.3d 699 (2011)]; see *Gonzalez* v. *Commissioner of Correction*, [122 Conn. App. 271, 286 and n.6, 999 A.2d 781, cert. denied, 298 Conn. 913, 4 A.3d 831 (2010)] . . . ." (Emphasis added; internal quotation marks omitted.) *Roger B.* v. *Commissioner of Correction*, supra, 157 Conn. App. 278–79.

In addition, this court concluded that the record was inadequate to review the alternative ground proffered by the respondent, the Commissioner of Correction, to affirm the habeas court's judgment, which was that trial counsel was not ineffective in failing to challenge the eighteen month delay in the service of the warrant "[b]ecause [the] petitioner's decision to flee the state tolled the statute of limitations," pursuant to § 54-193 (d) and *State* v. *Ward*, 306 Conn. 698, 711, 52 A.3d 591 (2012). *Roger B.* v. *Commissioner of Correction*, supra, 157 Conn. App. 279–80 n.11.[6] This court, therefore, reversed the judgment in part and remanded the case for a new hearing at which the petitioner could "present his claim that his trial counsel was ineffective for failing to raise a statute of limitations affirmative defense."[7] Id., 280. The respondent was not precluded from raising his alternative ground for affirmance on remand. Id., 280 n.11.

On remand, the petitioner filed a pretrial brief in which he set forth the evidence adduced at the first habeas trial, "suggest[ing] that [he] was not elusive,

was available and was readily approachable," and argued that, given such evidence, the respondent bore the burden of proving that the delay in executing the warrant was not unreasonable. (Internal quotation marks omitted.)

The second habeas court held a hearing on August 29, 2016, receiving evidence solely on the claim that Cosgrove had rendered ineffective assistance by failing to pursue a statute of limitations affirmative defense to the criminal charges against the petitioner.[8] The court issued a memorandum of decision on November 23, 2016, in which it denied the petitioner's amended petition. Thereafter, the court granted the petition for certification to appeal.

The petitioner appealed, claiming that in analyzing his ineffective assistance of counsel claim, the second habeas court (1) incorrectly determined that § 54-193 (d) tolled the statute of limitations and (2) improperly rejected his claim of ineffective assistance of counsel.[9] The appeal initially was argued on March 21, 2018. On July 31, 2018, we sua sponte issued an articulation order stating that "[t]his court retains jurisdiction over this appeal and the case is remanded to [the second habeas court] for further factual findings on the basis of the existing record. See *Barlow* v. *Commissioner of Correction*, 328 Conn. 610, 614–15, 182 A.3d 78 (2018);[10] Practice Book § 60-2 (8). In particular, the court is to make factual findings related to the petitioner's statute of limitations defense as discussed by this court in *Roger B.* v. *Commissioner of Correction*, [supra, 157 Conn. App. 278–79] . . . including whether the petitioner was not elusive, was available and was readily approachable, and if so, whether the delay in executing the warrant was unreasonable."

The second habeas court issued its articulation on August 7, 2018, finding in part that the petitioner knew of the sexual misconduct complaints against him when he left Connecticut and that he was elusive, unavailable, and unapproachable by Connecticut law enforcement, except through extradition. Moreover, the petitioner failed to demonstrate that a reasonable likelihood exists that the state would have been unable to show that the police acted reasonably and did not generate unjustifiable delay in executing the warrant.

On August 10, 2018, the petitioner filed a motion to correct an allegedly erroneous factual finding in the articulation and a motion for additional briefing on the second habeas court's formulation and application of the law. We denied the petitioner's motion to correct, but granted the motion for supplemental briefing. After the parties submitted supplemental briefs, we heard additional argument from the parties on January 8, 2019. Although we agree with the petitioner that the second habeas court improperly determined that the petitioner's claim was controlled by § 54-193 (d), rather than

*Crawford*, we conclude that the court properly determined that Cosgrove's legal representation was not deficient, and that the petitioner failed to prove prejudice in that he failed to present evidence that it was reasonably likely that the state could not present evidence that the delay in executing the warrant was reasonable.

I

STATUTE OF LIMITATIONS AFFIRMATIVE DEFENSE

On appeal, the petitioner claims that the second habeas court improperly (1) determined that § 54-193 (d) tolled the statute of limitations in analyzing whether Cosgrove rendered ineffective assistance by failing to raise a statute of limitations affirmative defense, (2) concluded that the petitioner was elusive, unavailable, and unapproachable by the police, and (3) concluded that he failed to show that it was unlikely that the state would have been unable to prove that the police had acted reasonably in executing the warrant. We agree with the petitioner's first two claims, but not his third.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . The application of the habeas court's factual findings to the pertinent legal standard, however, presents a mixed question of law and fact, which is subject to plenary review. . . . Therefore, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Citation omitted; internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, 169 Conn. App. 813, 822, 153 A.3d 8 (2016), cert. denied, 325 Conn. 904, 156 A.3d 536 (2017).

"To the extent that we are required to review conclusions of law or the interpretation of the relevant statute by the [habeas] court, we engage in plenary review." *Location Realty, Inc.* v. *Colaccino*, 287 Conn. 706, 717, 949 A.2d 1189 (2008); see also *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 799–800, 950 A.2d 1220 (2008). "[W]hen the plaintiff asserts that the facts found were insufficient to support the court's legal conclusion, th[e] issue presents a mixed question of law and fact to which we apply plenary review. . . . We must therefore decide whether the court's conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *State* v. *Derks*, 155 Conn. App. 87, 92, 108 A.3d 1157, cert. denied, 315 Conn. 930, 110 A.3d 432 (2015).

The second habeas court issued a memorandum of decision following the remand hearing, in which it made the following findings of fact. "On July 6, 2005, an arrest warrant issued authorizing the apprehension of the peti-

tioner for having sexually assaulted his girlfriend's two young daughters . . . from October, 1995, to February, 2000. The pertinent statute of limitations was . . . § 54-193a, which permitted prosecution for such crimes within a period of five years from the time when the victims notified law enforcement officials of the . . . assaults. Unquestionably, the arrest warrant issued within the designated period of time. The [police] promulgated a wanted persons notice regarding the petitioner on July 7, 2005, one day after the judicial authority issued the arrest warrant." The court also found that approximately four years before the arrest warrant was issued, the petitioner had left Connecticut. United States marshals located him in Alabama, where he was apprehended on December 11, 2006. The police returned him to Connecticut and executed the arrest warrant on January 24, 2007.

The court stated: "[O]bviously, the date of arrest, January 24, 2007, was beyond the five year time limit afforded by § 54-193a for offenses committed between 1995 and 2000." "Cosgrove recognized a possible violation of the statute of limitations. He researched that issue and discussed the question with appellate lawyers for the Office of the Chief Public Defender. As a result, [Cosgrove] opined that, without proof of actual prejudice to the petitioner caused by the delay, no viable statute of limitations affirmative defense existed. [Cosgrove] explained his legal opinion to the petitioner, and he declined to present such a defense at trial. . . .

"Cosgrove represented the petitioner within the bounds of effective assistance by deciding not to raise a statute of limitations defense. Central to this . . . finding is that [Cosgrove's] assessment of the law regarding execution of a stale warrant was correct; that is, the running of the allotted time for service of the arrest warrant was tolled by . . . § 54-193 (d) in light of the petitioner's relocation outside Connecticut. The result was that both the issuance and service of the arrest warrant occurred within the five year period, as expanded by the petitioner's absence from Connecticut. . . .

"The legal significance of [the] application of § 54-193 [(d)] is that the entire question of unreasonable delay becomes one of a denial of due process rather than a statute of limitations violation. This is because the rule announced in *State* v. *Crawford*, [supra, 202 Conn. 443], becomes inapposite. In *Crawford*, our Supreme Court held that, even where an arrest warrant has issued within the statute of limitations, that warrant must be served without unreasonable delay . . . . But in *Crawford*, the arrest came after the five year [limitation period] had elapsed.

"In footnote 8 [of its opinion, the court in *Crawford*] explicitly stated that its decision avoided any consideration of tolling under § 54-193 [(d)] because the [state]

failed to raise that question in that case. . . . Thus, the *Crawford* holding only applies to situations where no tolling under § 54-193 [(d)] comes into play to bring the service of the arrest warrant within the five year [limitation period] such that the warrant cannot be deemed stale. . . .

"[T]he analysis set forth in [*Crawford*] arrives at the proper interpretation of the meaning of the word prosecution necessary to satisfy a purely statutory rule, namely, that [the] time constraint set forth in § 54-193a, in the situation when the issuance of an arrest warrant and the execution of it fall on opposite sides of the mandated time limit. Where, as in the present case, both issuance and service take place within the five year period, as elongated by the tolling provision contained in § 54-193 [(d)] because the petitioner relocated outside of Connecticut during the five year period, the trial court would never have had occasion to address the *Crawford* holding. . . .

"Thus, [Cosgrove's] opinion, that a statute of limitations affirmative defense was unlikely to succeed without a showing of actual prejudice sufficient to establish an unfair trial, was accurate. The court finds that the petitioner has failed to satisfy his burden of proving, by a preponderance of the evidence, either prong of the [*Strickland* v. *Washington*, supra, 466 U.S. 668] standard." (Citations omitted; emphasis omitted; internal quotation marks omitted.)

A

The petitioner claims that the second habeas court wrongly concluded that § 54-193 (d), *not State* v. *Crawford*, supra, 202 Conn. 450–52, governs the resolution of his claim that Cosgrove rendered ineffective assistance by failing to raise a statute of limitations affirmative defense with respect to the eighteen month delay between the issuance and the execution of the arrest warrant. We agree with the petitioner that *Crawford*, not the statute, is controlling.

"An accused's primary protection from having to answer to stale criminal charges is the statute of limitations." *State* v. *Echols*, 170 Conn. 11, 16–17, 364 A.2d 225 (1975). "A statute of limitations . . . [ensures] that a defendant receives notice, within a prescribed time, of the acts with which he is charged, so that he and his lawyers can assemble the relevant evidence [to prepare a defense] before documents are lost [and] memor[ies] fade . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Jennings*, 101 Conn. App. 810, 818, 928 A.2d 541 (2007). "The policies underlying statutes of limitations are best served when exceptions are interpreted narrowly in favor of the accused and the state has a strong incentive to ensure that a defendant is provided timely notice of charges." *State* v. *Swebilius*, 325 Conn. 793, 814, 159 A.3d 1099 (2017). "A statute of

limitations claim is an affirmative defense for which the burden rests with the defendant to prove the elements of the defense by a preponderance of the evidence." *State* v. *Woodtke*, supra, 130 Conn. App. 740.

"A statute of limitations affirmative defense on the basis of unreasonable delay in execution of the warrant is properly considered according to the framework set forth in [*State* v. *Crawford*, supra, 202 Conn. 450] and articulated in subsequent appellate decisions." *Roger B.* v. *Commissioner of Correction*, supra, 157 Conn. App. 273. Pursuant to *Crawford*, "[w]hen an arrest warrant has been issued, and the prosecutorial official has promptly delivered it to a proper officer for service, he has done all he can under our existing law to initiate prosecution and to set in motion the machinery that will provide notice to the accused of the charges against him. When the prosecutorial authority has done everything possible within the period of limitation to evidence and effectuate an intent to prosecute, the statute of limitations is [satisfied].[11] . . . An accused should not be rewarded, absent evidence of a lack of due diligence on the part of the officer charged with executing the warrant, for managing to avoid apprehension to a point in time beyond the period of limitation. . . . [H]owever . . . some [time] limit as to when an arrest warrant must be executed after its issuance is necessary in order to prevent the disadvantages to an accused attending stale prosecutions . . . ." (Citation omitted; footnote added and footnote omitted.) *State* v. *Crawford*, supra, 450.

Adopting the approach of the Model Penal Code,[12] the court in *Crawford* held: "[I]n order to [satisfy] the statute of limitations, an arrest warrant, when issued within the time limitations of § 54-193 (b),[13] *must be executed without unreasonable delay.* . . . We do not adopt a per se approach as to what period of time to execute an arrest warrant is reasonable. A reasonable period of time is a question of fact that will depend on the circumstances of each case. If the facts indicate that an accused consciously eluded the authorities, or for other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable. If, on the other hand, the accused did not relocate or take evasive action to avoid apprehension, failure to execute an arrest warrant for even a short period of time might be unreasonable and fail to [satisfy] the statute of limitations." (Citation omitted; emphasis added; footnote added.) Id., 450–51. Moreover, the "timely issuance of the arrest warrant [satisfied] the statute of limitations in the absence of an evidentiary showing of unreasonable delay in its service upon the defendant." Id., 452.[14]

On the basis of footnote 8 in *Crawford*, the habeas court in the present case and the respondent both postulate that controlling precedent does not require the

application of *Crawford* to the petitioner's claim. Notwithstanding the footnote, the court in *Crawford* summarized the proper application of § 54-193 (d) as follows: "[Section 54-193 [(d)] . . . which tolls the statute as to the person who has fled from and resides outside the state after the commission of the offense, *simply extends the time within which an indictment, information or complaint may be brought.*" (Emphasis added; internal quotation marks omitted.) Id., 450 n.12.

In *State* v. *Ali*, supra, 233 Conn. 412, however, our Supreme Court held that the defendant's departure from the state was not dispositive of his unreasonable delay claim because "the outcome [was] controlled by [*Crawford*]." Our Supreme Court explicitly rejected the state's argument that "by leaving the jurisdiction immediately after the . . . incident, the defendant intended to evade the authorities and . . . the statute of limitations was satisfied." Id. Connecticut courts consistently have applied this framework to claims of unreasonable delay in the execution of an arrest warrant issued within the limitation period, regardless of whether a defendant has relocated outside the state. See *State* v. *Figueroa*, 235 Conn. 145, 177–78, 665 A.2d 63 (1995); *State* v. *Derks*, supra, 155 Conn. App. 93–95; *Axel D.* v. *Commissioner of Correction*, 135 Conn. App. 428, 434–36, 41 A.3d 1196 (2012); *Gonzalez* v. *Commissioner of Correction*, supra, 122 Conn. App. 276–77; *Thompson* v. *Commissioner of Correction*, 91 Conn. App. 205, 210–12, 880 A.2d 965 (2005), appeal dismissed, 280 Conn. 509, 909 A.2d 946 (2006).

In the present case, the information was filed within the five year limitation period, when the judicial authority signed the petitioner's arrest warrant on July 6, 2005. Because the warrant was issued within the limitation period, § 54-193 (d) became irrelevant. The only question that remained was whether the warrant was executed without unreasonable delay. See *State* v. *Crawford*, supra, 202 Conn. 451–52. We reject the second habeas court's conclusion that the statute extended the time in which the warrant could be served. We conclude, therefore, that the habeas court incorrectly determined that § 54-193 (d), not *Crawford*, is the controlling law on a statute of limitations affirmative defense in the present case.

B

The petitioner also claims that the second habeas court improperly found that (1) he was elusive, unavailable, and unapproachable, and (2) the execution of the warrant was reasonable. We agree with the petitioner that the court erred in finding that he was elusive, unavailable, and unapproachable, but disagree that the court improperly determined that the delay in executing the warrant was reasonable.

Following oral argument in March, 2018, we ordered

the second habeas court to articulate its findings as to "whether the petitioner was not elusive, was available and was readily approachable, and if so, whether the delay in executing the warrant was unreasonable." In its August 7, 2018 articulation, the second habeas court made the following factual findings: "[I]t is incontrovertible that the petitioner knew of the sexual misconduct complaints against him before he moved to Indiana and Alabama. He remained out of Connecticut for the entire time between the issuance of the arrest warrant on July 7, 2005, to his apprehension in Alabama on December 11, 2006, and extradition to Connecticut. Upon his return to Connecticut, the arrest warrant was served. The court, guided by *State* v. *Ward*, [supra, 306 Conn. 698], finds that the petitioner was elusive, unavailable, and unapproachable by Connecticut law enforcement personnel except through extradition.

"Alternatively, employing the common meanings of elusive, available, and approachable, uninfluenced by the holding of *State* v. *Ward*, supra, [306 Conn. 698], the court also finds that the petitioner acted elusively and was unavailable and unapproachable. [The police] interviewed the petitioner regarding the allegations of child molestation against him in August, 2000. The petitioner acknowledged that he knew, at that time, that the victims had undergone forensic interviews. In January, 2001, about five months later, he [left] Connecticut for Indiana, where he [married] a woman he met online and [began] a new life. He moved from Indiana to Alabama in September, 2006.

"The petitioner testified at the first habeas trial . . . and he never stated that he left a forwarding address upon his departure from Connecticut. Nor was any other evidence adduced at either habeas hearing that he notified any governmental agency in Connecticut, such as the United States Postal Service, about his new residence in Indiana. While it is true that he never concealed his identity while in Indiana or Alabama, that circumstance falls short of proving, by a preponderance of the evidence, that he remained available and approachable to Connecticut law enforcement officers while in those states."

1

The petitioner claims that the second habeas court improperly found that he was elusive and unavailable to and unapproachable by the police. We agree.

The petitioner does not take issue with the facts found by the second habeas court, but disputes its conclusions that he was elusive, unavailable, and unapproachable. The court predicated its findings on the fact that the petitioner knew that there was an ongoing criminal investigation, that he left Connecticut approximately five months after he gave a statement to the police and permitted them to search his property. The

court relied on language in *Ward*, specifically, "§ 54-193 [(d)] may toll the statute of limitations when a defendant absents himself from the jurisdiction with reason to believe that an investigation may ensue as the result of his actions." *State* v. *Ward*, supra, 306 Conn. 711. *Ward*, however, is factually distinct from the present case. In that case, the defendant, a Massachusetts resident, whose employment took him to Connecticut; id., 704; sexually assaulted the victim in her Killingly home in 1988. Id., 701. The defendant immediately returned to Massachusetts. Id., 713. The victim did not know the defendant; id., 701; and his identity was not discovered until 2006. Id., 704. Following his conviction of sexual assault in the first degree, the defendant appealed and claimed, in part, that the trial court had improperly denied his motion to dismiss the charges pursuant to § 54-193 (b). Id., 700–701.

On appeal, the defendant argued that the state "did not present any evidence to show that he was aware of a criminal investigation against him and that he fled in order to avoid prosecution. In response, the state contend[ed] that the term fled does not require an intent to avoid arrest or prosecution and that any absence from the jurisdiction, regardless of intent, tolls the statute of limitations. [Our Supreme Court agreed] with the state that the plain language of § 54-193 [(d)] does not require the defendant to leave the state with the intent of avoiding prosecution." Id., 710. The court ascertained that the term *fled* means, in the context of § 54-193 (d), to run from an investigation. Id., 711. It reviewed the facts and determined that "it [was] undisputed that the defendant returned to Massachusetts after the commission of a crime and continued to reside there until his arrest more than twenty years later." Id., 713. It concluded, therefore, that the state had presented sufficient evidence to toll the statute of limitations. Id., 713–14.

The issue in the present case, however, is not whether the statute of limitations had been tolled while the petitioner was absent from the state or even why he left the state. The issue is whether he was elusive, unavailable, or unapproachable once the warrant for his arrest had been issued. Section 54-193 (d) "simply extends the time within which an indictment, information or complaint may be brought." (Internal quotation marks omitted.) *State* v. *Crawford*, supra, 202 Conn. 450 n.12. *Crawford* teaches that the "timely issuance of the arrest warrant [satisfied] the statute of limitations in the absence of an evidentiary showing of unreasonable delay in its service upon the defendant." Id., 452. It is undisputed that the warrant for the petitioner's arrest was issued within the statute of limitations. Factors to consider when determining whether the warrant was executed without unreasonable delay are whether the petitioner was elusive, unavailable and unapproachable. Those factors do not come into play until the war-

rant has been issued, because the measure of reasonable time is from the date the warrant is issued. In the present case, the second habeas court considered the petitioner's movements that occurred at least four years before the warrant was issued. The court made no factual findings as to the petitioner's actions following the date the warrant was issued, save that he moved from Indiana to Alabama, demonstrating that he was elusive and unavailable and unapproachable.[15] For the foregoing reasons, the second habeas court erred in its determination that the petitioner was elusive, unavailable, and unapproachable.[16]

2

The petitioner also claims that the second habeas court improperly concluded that the delay in executing the warrant was not unreasonable and that the burden was on him to prove that the respondent could not demonstrate that the delay in the execution of the warrant was reasonable. We disagree.

The following portion of the second habeas court's articulation is relevant to our resolution of the petitioner's claim: "Even if the petitioner could establish that he was available and approachable by the [police] while he was out of state, the petitioner has failed to demonstrate that a reasonable likelihood exists that the prosecution would have been unable to show that [the police] acted unreasonably and generated unjustifiable delay in executing the arrest warrant. It must be kept in mind that this is a *habeas* case assessing whether the petitioner's defense counsel represented him within the bounds of reasonable competency by opining that an attack on the tardiness of arrest would be unsuccessful unless actual prejudice to the defense resulted from delay. Present habeas counsel has acknowledged that actual prejudice never occurred. The burden rests with the petitioner to prove that . . . Cosgrove's legal research, consultation with experienced appellate defense counsel on this issue, and interpretation of the statutes and relevant case law fell below that exhibited by ordinarily competent criminal defense practitioners at the time.

"Our Supreme Court has recently reminded the lower courts, with respect to ineffective assistance claims, it is the petitioner who bears the burden to prove that his counsel's performance was objectively *unreasonable*. *Eubanks* v. *Commissioner of Correction*, [supra, 329 Conn. 598]. When the record is devoid of evidence on an essential issue, the decision must be against the habeas petitioner. Id. This default outcome may even result in a criminal case where an accused is attempting to establish the affirmative defense of undue delay . . . . We cannot assume, nor could the trial court, that the warrant was not executed with due diligence. . . . [*State* v. *Crawford*, supra, 202 Conn. 451]. It is . . . presumed until the contrary appears that a public officer acting officially has done his duty. Id." (Emphasis

altered; internal quotation marks omitted.)

The second habeas court found that the police promulgated a wanted persons notice one day after the arrest warrant was judicially authorized and that it is not known whether the Indiana authorities received notice or acted upon it. When the police in Alabama apprehended the petitioner, he promptly was extradited to Connecticut and arrested on the warrant.[17] Because the record is bereft of evidence pointing to a lack of diligence on the part of any law enforcement agency, the second habeas court concluded that the petitioner had failed to show the existence of a reasonable probability that at the criminal trial the prosecution would not have been able to justify the delay between the time the warrant was issued and executed when the petitioner was outside of Connecticut for the entire time.

On appeal, the petitioner takes issue with the second habeas court's finding that the record is bereft of evidence pointing to a lack of diligence on the part of any law enforcement agency. He claims that his counsel examined Mullin with respect to actions taken by the police to locate the petitioner. Indeed, the record discloses that criminal and habeas counsel questioned Mullin about efforts to locate the petitioner outside Connecticut. The petitioner, however, has not identified what specific evidence proves that the delay in serving the warrant was unreasonable.

"A reasonable period of time is a question of fact that will depend on the circumstances of each case. If the facts indicate that an accused consciously eluded the authorities, or for other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable." Id. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Thompson* v. *Commissioner of Correction*, 184 Conn. App. 215, 222, 194 A.3d 831, cert. denied, 330 Conn. 930, 194 A.3d 778 (2018). "If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the [petitioner's] claim." *State* v. *Golding*, 213 Conn. 233, 240, 567 A.2d 823 (1989). As our Supreme Court "frequently has observed, a trial court is in the best position to observe the demeanor of the parties, witnesses, jurors and others who appear before it." *Hurley* v. *Heart Physicians, P.C.*, 298 Conn. 371, 396, 3 A.3d 892 (2010).

On the basis of the record before us, we conclude that the second habeas court's finding that the petitioner failed to demonstrate that the state could not

prove that the time in which the warrant was served was reasonable was not in error. The evidence demonstrates that the petitioner left the state approximately four years before the warrant was issued; he had numerous addresses in Indiana, including a post office box number; he moved to Alabama; and the police made efforts to locate the petitioner through the United States Marshals Service. The record further demonstrates that approximately one month after United States marshals located the petitioner in Alabama, he was extradited to Connecticut and promptly served with the warrant.

"Connecticut cases have determined that a delay in executing an arrest warrant is not unreasonable when a defendant has relocated outside of the state. See, e.g., *Gonzalez* v. *Commissioner of Correction*, [supra, 122 Conn. App. 285–86] (in habeas corpus case alleging ineffective assistance of counsel, habeas court found that petitioner would likely not succeed on motion to dismiss when he had relocated to Puerto Rico and authorities did not have his address) . . . *Merriam* v. *Warden*, [Docket No. CV-04-0004319, 2007 WL 2034825, *14 (Conn. Super. May 25, 2007)] (finding no unreasonable delay when defendant fled state after learning of victim's mother's intention to contact police and police continued in their effort to locate him), appeal dismissed, 111 Conn. App. 830, 960 A.2d 1115 (2008), cert. denied, 290 Conn. 915, 965 A.2d 553 (2009); *State* v. *Tomczak*, Superior Court, judicial district of Tolland, Docket No. CR-9659766 (August 21, 1996) (17 Conn. L. Rptr. 478) (finding delay of nearly five years reasonable where defendant left Connecticut before warrant issued and police continued to make efforts to locate defendant after he left state)." *State* v. *Woodtke*, supra, 130 Conn. App. 743–44.

The petitioner also claims that the habeas court improperly shifted the burden to him to demonstrate that the warrant was not served within a reasonable time. As the second habeas court properly noted, the burden is on the petitioner to demonstrate that his counsel's representation was objectively unreasonable. See *Eubanks* v. *Commissioner of Correction*, supra, 329 Conn. 598. The petitioner, therefore, failed to demonstrate that even if Cosgrove asserted a statute of limitations affirmative defense, it would have been successful. Consequently, the petitioner has failed to demonstrate that he was prejudiced or harmed by Cosgrove's representation.

II

*STRICKLAND* ANALYSIS

The petitioner claims that the habeas court improperly determined that Cosgrove did not render ineffective assistance for failing to assert a statute of limitations affirmative defense to the criminal charges. We disagree.

Under both the federal and state constitutions a criminal defendant is entitled to the effective assistance of counsel. A defendant, however, is not entitled to error free representation. See *Cosby* v. *Commissioner of Correction*, 57 Conn. App. 258, 259–60, 748 A.2d 352 (2000). "[A] petitioner [is] not entitled to error free representation, only representation falling within the range of competence demanded of attorneys in criminal cases . . . . Without an analysis of whether [an attorney's] performance had fallen below an objective standard of reasonableness . . . the habeas court [is] without ground to determine that there had been deficient performance." (Citations omitted; internal quotation marks omitted.) *Commissioner of Correction* v. *Rodriquez*, 222 Conn. 469, 478–79, 610 A.2d 631 (1992), overruled in part on other grounds by *Simms* v. *Warden*, 229 Conn. 178, 185, 186 n.12, 640 A.2d 601 (1994).

To prevail on a claim of ineffective assistance of counsel, the petitioner first "must show that counsel's performance was deficient. This requires [a] showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the [petitioner] by the [s]ixth [a]mendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires [a] showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . The sixth amendment, therefore, does not guarantee perfect representation, only a reasonably competent attorney." (Internal quotation marks omitted.) *Marshall* v. *Commissioner of Correction*, 184 Conn. App. 709, 713–14, 196 A.3d 388, cert. denied, 330 Conn. 949, 197 A.3d 389 (2018). The reality is that lawyers, like other professionals, perform with widely varying levels of effectiveness. *Strickland* v. *Washington*, supra, 466 U.S. 691, does not require error free representation; it requires competent representation. Id., 690.

As previously stated, "[a] claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong." *Gaines* v. *Commissioner of Correction*, 306 Conn. 664, 678, 51 A.3d 948 (2012). "This requires [a] showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the [s]ixth [a]mendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires [a] showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Skakel* v. *Commissioner of Correction*, 325 Conn. 426, 442, 159 A.3d 109 (2016). It bears repeating that "*Strickland* does not guarantee perfect

representation, only a reasonably competent attorney. . . . Representation is constitutionally ineffective only if it so undermined the proper functioning of the adversarial process that the defendant was denied a fair trial." (Citations omitted; internal quotation marks omitted.) *Harrington* v. *Richter*, 562 U.S. 86, 110, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

With respect to the performance prong, the question is whether "counsel's representation fell below an objective standard of reasonableness." *Strickland* v. *Washington*, supra, 466 U.S. 688. "As a general rule, a habeas petitioner will be able to demonstrate that trial counsel's decisions were objectively unreasonable only if there [was] no . . . tactical justification for the course taken." (Internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 79, 967 A.2d 41 (2009). "Counsel's decision need not have been the best decision, or even a good one; it need only fall within the wide range of reasonable decisions that a defense attorney in counsel's position might make. See, e.g., *Harrington* v. *Richter*, supra, 562 U.S. 110; *Strickland* v. *Washington*, supra, 466 U.S. [689]." *Skakel* v. *Commissioner of Correction*, supra, 325 Conn. 454. "To satisfy the performance prong, a [petitioner] must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment [to the United States constitution]." (Internal quotation marks omitted.] *Small* v. *Commissioner of Correction*, 286 Conn. 707, 713, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

"[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. . . . Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . *A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.*" (Emphasis added; internal quotation marks omitted.) *Skakel* v. *Commissioner of Correction*, supra, 325 Conn. 443.

"Because of the difficulties inherent in making [this] evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be consid-

ered sound trial strategy. . . . There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. . . . Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and [to have] made all significant decisions in the exercise of reasonably professional judgment." (Internal quotation marks omitted.) Id., 443–44.

"[T]he United States Supreme Court has emphasized that a reviewing court is required not simply to give [the trial attorney] the benefit of the doubt . . . but to affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as [he] did . . . . [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; [but] strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." (Internal quotation marks omitted.) *Brian S.* v. *Commissioner of Correction*, 172 Conn. App. 535, 539–40, 160 A.3d 1110, cert. denied, 326 Conn. 904, 163 A.3d 1204 (2017).

In the present case, both the first and the second habeas courts found facts that supported their conclusions that Cosgrove's representation did not fall below that of criminal defense counsel guaranteed by the sixth amendment. Even though we conclude that both courts incorrectly analyzed the statute of limitations affirmative defense pursuant to § 54-193 (d), their analysis of the *Strickland* performance prong was reasonable and proper. The first habeas court found that Cosgrove "did not consider challenging the warrant delays in executing or serving the warrant because he did not believe that there was a basis for doing so. Although he reviewed the issue, he determined that the delays did not hinder the defense in any way, in that no information arose during the period, no witnesses went missing, and the witnesses were able to recall events. Although . . . Cosgrove did not challenge the delays by way of a motion to dismiss the charges, he did question . . . Mullin on cross-examination with respect to the delay in issuing the warrant to show the ineptitude of the police investigation."

The second habeas court found that Cosgrove "represented the petitioner within the bounds of effective assistance by deciding not to raise a statute of limitations defense." "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland* v. *Washington*, supra,

466 U.S. 688. The court further found that Cosgrove "recognized a possible violation of the statute of limitations. He researched that issue and discussed the question with the appellate lawyers for the Office of the Chief Public Defender. As a result . . . Cosgrove opined that, without proof of actual prejudice to the petitioner caused by the delay, no viable statute of limitations affirmative defense existed. . . . Cosgrove explained his legal opinion to the petitioner, and he declined to present such a defense at trial." The second habeas court found that Cosgrove represented the petitioner within the bounds of effective assistance by deciding not to raise a statute of limitations defense. The court's finding was predicated in part on its conclusion that "Cosgrove's assessment of the law regarding execution of a stale warrant was correct, that is, the running of the allotted time for service of the arrest warrant was tolled by virtue of . . . § 54-193 (d), in light of the petitioner's location outside Connecticut. The result was that *both* the issuance and the service of the arrest warrant occurred within the five-year period as expanded by the petitioner's absence from Connecticut." (Emphasis in original.)

The findings of both the first and second habeas courts reveal that Cosgrove was aware of a possible statute of limitations affirmative defense.[18] The habeas court found that Cosgrove reviewed the applicable statute of limitations, "did the math," and determined that the warrant had been executed within the statute of limitations. The second habeas court found that Cosgrove researched the issue and consulted with the appellate lawyers in the chief public defender's office. The second habeas court also found that on the basis of Cosgrove's knowledge of the underlying facts, his knowledge of the law, research, and consultation with other lawyers, Cosgrove made the correct strategic decision not to file a motion to dismiss or to assert a statute of limitations affirmative defense because service of the warrant was timely under a proper reading of the statute of limitations.

On appeal, the petitioner has not shown that Cosgrove's decision was objectively unreasonable in that it fell below the standard of reasonableness as measured by prevailing professional practice. See *Moore* v. *Commissioner of Correction*, 186 Conn. App. 254, 269, 199 A.3d 594 (2018) (citing *Strickland* v. *Washington*, supra, 466 U.S. 687–88), cert. granted on other grounds, 330 Conn. 970, 200 A.3d 700 (2019). Indeed, it appears to have been entirely reasonable. The record does not reveal that at the habeas trial or on remand the petitioner presented expert testimony to contradict the opinions of Cosgrove and the appellate lawyers with whom he consulted. Moreover, two judges of the Superior Court agreed that Cosgrove's decision to forgo a statute of limitations affirmative defense was legally sound. In view of those facts, we conclude that the

second habeas court properly found that Cosgrove's representation of the petitioner did not fall below the objective standard of reasonableness. Although we disagree with the statutory routes by which the habeas courts reached their ultimate conclusions that Cosgrove did not render deficient performance, the underlying procedural history does not support a conclusion that Cosgrove's performance was deficient. The petitioner, therefore, cannot prevail on his claim of ineffective assistance of counsel under *Strickland*, as his claim fails to satisfy the performance prong.

Moreover, the petitioner has not carried his burden to prove by a preponderance of the evidence that he was prejudiced by Cosgrove's representation. The habeas court noted that in his criminal appeal, the petitioner claimed that the delay by the police in applying for the arrest warrant violated his constitutional right to due process pursuant to the fourteenth amendment to the United States constitution. *State* v. *Roger B.*, supra, 297 Conn. 611. Our Supreme Court rejected the claim, finding that the record contained no evidence that the petitioner suffered "actual prejudice as a result of the delay." Id., 615. In the present case, the petitioner has failed to demonstrate that the state would not have been able to prove that the delay in the execution of the warrant was reasonable. The petitioner, therefore, was not harmed by Cosgrove's failure to assert a statute of limitations affirmative defense or to file a motion to dismiss.

For the foregoing reasons, we affirm the judgment of the second habeas court denying the amended petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the petitioner's full name or to identify the victims or others through whom the victims' identities may be ascertained. See General Statutes § 54-86e.

** Following supplemental briefing, this court heard additional argument on January 8, 2019.

[1] In resolving the petitioner's claims, we take a different route than the one taken by this court in the petitioner's first habeas appeal. We do so on the basis of additional facts found by the second habeas court on remand.

[2] General Statutes § 54-193a, which is titled, "Limitation of prosecution for offenses involving sexual abuse of minor," provides in relevant part: "Notwithstanding the provisions of section 54-193, no person may be prosecuted for any offense, except a class A felony, involving sexual abuse, sexual exploitation or sexual assault of a minor except within . . . five years from the date the victim notifies any police officer or state's attorney acting in such police officer's or state's attorney's official capacity of the commission of the offense . . . ."

Although § 54-193a has been amended since the date of the crimes underlying the petitioner's conviction, the amendments to that statute are not relevant to the claims on appeal. Accordingly, we refer to the current revision of the statute. We further note that this court has applied *Crawford* when considering statute of limitations claims under § 54-193a. See *Roger B.* v. *Commissioner of Correction*, supra, 157 Conn. App. 274 n.8; *State* v. *Derks*, 155 Conn. App. 87, 93–95, 108 A.3d 1157, cert. denied, 315 Conn. 930, 110 A.3d 432 (2015); see generally *Gonzalez* v. *Commissioner of Correction*,

122 Conn. App. 271, 999 A.2d 781, cert. denied, 298 Conn. 913, 4 A.3d 831 (2010).

[3] General Statutes § 54-193 (d) provides: "If the person against whom an indictment, information or complaint for any of said offenses is brought has fled from and resided out of this state during the period so limited, it may be brought against such person at any time within such period, during which such person resides in this state, after the commission of the offense."

In this opinion, we refer to the current codification of the statute, i.e., § 54-193 (d).

In *State* v. *Ward*, 306 Conn. 698, 52 A.3d 591 (2012), our Supreme Court placed judicial gloss on the term *fled*, which previously had been undefined. Specifically, the court construed *fled* to mean "when a defendant absents himself from the jurisdiction with reason to believe that an investigation may ensue as the result of his actions." Id., 711.

[4] "[T]his court repeatedly has observed, if a trial court reaches a correct decision but on mistaken grounds, an appellate court will sustain the trial court's action if proper grounds exist to support it . . . ." (Internal quotation marks omitted.) *Stevens* v. *Commissioner of Correction*, 112 Conn. App. 385, 394, 963 A.2d 62 (2009), quoting *State* v. *Johnson*, 289 Conn. 437, 450 n.16, 958 A.2d 713 (2008).

[5] The statute of limitations at issue in *Crawford* was General Statutes (Rev. to 1983) § 54-193 (b). *State* v. *Crawford*, supra, 202 Conn. 445–46 n.4. This court, however, has applied *Crawford* when considering statute of limitations claims under § 54-193a.

[6] "In support of [the alternative basis], the respondent relies on *State* v. *Ward*, supra, 306 Conn. 698, interpreting General Statutes (Rev. to 1987) § 54-193 (c), which is now § 54-193 (d), and provides: 'If the person against whom an indictment, information or complaint for any of said offenses is brought has fled from and resided out of this state during the period so limited, it may be brought against such person at any time within such period, during which such person resides in this state, after the commission of the offense.' " *Roger B.* v. *Commissioner of Correction*, supra, 157 Conn. App. 279 n.11.

[7] The judgment was reversed only with respect to the petitioner's claim that Cosgrove rendered ineffective assistance for failing to assert a statute of limitations affirmative defense. The judgment denying the petitioner's remaining claims of ineffective assistance of trial counsel was affirmed in all other respects. *Roger B.* v. *Commissioner of Correction*, supra, 157 Conn. App. 289.

[8] The parties stipulated to the admission of all exhibits offered at the first habeas trial, as well as the transcripts from that proceeding. The petitioner rested on his pretrial brief and called no witnesses, stating that there was an adequate factual basis in the existing record on which the court could render a decision. The respondent presented testimony from Cosgrove. At the conclusion of Cosgrove's testimony, the second habeas court asked counsel for the respondent whether she would be raising the issue of § 54-193 (d), given footnote 11 of this court's opinion in *Roger B.* v. *Commissioner of Correction*, supra, 157 Conn. App. 279. See footnote 5 of this opinion. The respondent filed a posttrial brief raising that issue, to which the petitioner replied.

[9] In his appellate brief, the petitioner maintained that (1) the respondent abandoned any claim that § 54-193 (d) is applicable, (2) the second habeas court ignored controlling precedent when applying § 54-193 (d) rather than *State* v. *Crawford*, supra, 202 Conn. 443, (3) § 54-193 (d) is inapposite when a suspect has been identified and an arrest warrant has been issued, (4) indefinite tolling is disfavored by the law, (5) the second habeas court's findings of fact do not support the application of § 54-193 (d) as construed by *State* v. *Ward*, supra, 306 Conn. 698, (6) interpreting § 54-193 (d) to apply under the circumstances presented in the present case renders it an unconstitutional violation of equal protection law, (7) the petitioner established that he was easily accessible and not elusive as required by *Crawford*, (8) the respondent, when given a second chance, offered no evidence to show the delay in serving the warrant was not unreasonable, and (9) defense counsel rendered ineffective assistance in failing to assert a statute of limitations defense and the petitioner was prejudiced thereby.

[10] A reviewing court may remand a case to the trial court to make additional factual findings. *Barlow* v. *Commissioner of Correction*, supra, 328 Conn. 614–15.

[11] In *State* v. *Ali*, supra, 233 Conn. 413 n.8, our Supreme Court explained that *Crawford* "used the term 'tolled,' as well as other forms of the verb

'toll,' in connection with § 54-193 (b) merely to describe the practical effect of a delay in the execution of an arrest warrant. Of course, in light of the traditional meaning of the term 'toll' within the parlance of statutes of limitations, namely as a synonym for 'suspended'; see Black's Law Dictionary (6th Ed. 1990); a 'prosecution' within the applicable time period *satisfies*, rather than 'tolls,' the statute of limitations. Only § 54-193 [(d)] specifically concerns the tolling of the statute of limitations." (Emphasis added.)

[12] "[A] prosecution is commenced either when an indictment is found [or an information filed] or when a warrant or other process is issued, provided that such warrant . . . is executed without unreasonable delay." 1 A.L.I. Model Penal Code and Commentaries (1985) § 1.06 (5), p. 9.

[13] General Statutes § 54-193 (b), which is within the section titled, "Limitation of prosecution for certain violations or offenses," provides: "No person may be prosecuted for any offense, other than an offense set forth in subsection (a) of this section, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed."

Although § 54-193 (b) has been amended since the date of the crimes underlying the petitioner's conviction, the amendments to that statute are not relevant to the claim on appeal. Accordingly, we refer to the current revision of the statute.

[14] Our Supreme Court did not consider the effect of § 54-193 (d), if any, because "[t]he prosecution [did] no[t] claim that the defendant was out of the state at any period after the commission of the offenses charged . . . ." *State* v. *Crawford*, supra, 202 Conn. 447 n.8.

[15] The evidence showed that the police had the petitioner's operator's license with his current address at the time the warrant was issued.

[16] The petitioner also argued that the inferences that the second habeas court drew from its factual findings are erroneous. We need not address this argument because we conclude that the court improperly considered the petitioner's actions prior to the issuance of the warrant.

[17] The petitioner does not claim that the second habeas court's underlying factual findings are clearly erroneous.

[18] This court may take judicial notice of the files of the trial court in the same or other cases. See *Disciplinary Counsel* v. *Villeneuve*, 126 Conn. App. 692, 703 n.15, 14 A.3d 358 (2011).